Andrews v. Community Renewal Team, Inc                                                                    Doc. 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP M. ANDREWS            :
    Petitioner            :
                                 :   CIVIL ACTION NO.
v.                           :   3:07-cv-00089 (JCH)
                                 :
COMMUNITY RENEWAL TEAM, INC. :   JANUARY 25, 2007
    Defendant            :

**RULING ON MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 4]**

The plaintiff, Philip M. Andrews, seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Motion is DENIED.

The district court has broad discretion in considering whether to appoint counsel. The Second Circuit has also made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Even assuming that Mr. Morris is unable to obtain legal representation on his own, the court must also consider other factors. The Second Circuit has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). Instead, the district court must first require an indigent to "pass the test of likely merit." Cooper, 877 F.2d at 173-74. See also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002). "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Cooper, 877 F.2d at 171; see also Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632

dockets.Justia.com

(2d Cir. 2001). When deciding whether to appoint counsel, the district court must thus "determine whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. Only after assessing the merits of the case, should the court consider the litigant's "competence to proceed pro se, the complexity of the issues," and any other reason why the appointment of counsel would be more likely to lead to a just outcome. Machadio, 276 F.3d at 108; Carmona, 234 F.3d at 632.

While the court makes no decision on the ultimate merits of this action, it concludes that the appointment of counsel is not warranted at this time. Should further development of the record indicate that the plaintiff's case likely has merit, the court will then consider a renewed motion for appointment of counsel. See Machadio, 276 F.3d at 108 ("district courts should continually assess whether counsel should be appointed").

The Motion for Appointment of Counsel [Doc. No. 4] is DENIED without prejudice to renew at a subsequent stage of litigation. Any renewal of this Motion shall include a summary of plaintiff's additional attempts to obtain legal representation including the names of attorneys that he has contacted, the dates of contact, and the reasons why assistance was not provided.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 25th day of January, 2007.

                               /s/ Janet C. Hall
                               Janet C. Hall
                               United States District Judge